IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Randall Davis Co., Inc.** | § | |
|     **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **Blackboard Specialty Insurance Co.,** | § | Civil Action No. 4:19-cv-03184 |
| **York Risk Services Group, Inc.,** | § | |
| **William Auten, and Robert M. Sargent** | § | |
|     **Defendants** | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Randall Davis Co., Inc. files this Original Complaint against Defendants Blackboard Specialty Insurance Co., York Risk Services Group, Inc., William Auten, and Robert M. Sargent, and would show the Court as follows:

**I.
PARTIES**

1. Plaintiff Randall Davis Co., Inc. is a Texas corporation with its principal place of business located in Harris County, Texas.

2. Defendant **Blackboard Specialty Insurance Co.** is a foreign insurance company with a certificate of authority to engage in the business of insurance in the State of Texas. This defendant has not appointed a registered agent for service of process in the State of Texas. Accordingly, pursuant to Tex. Ins. Code § 804.103(c), this defendant may be served with process through the Texas Commissioner of Insurance. The process should be directed to this defendant as follows: **Corporate Secretary, Blackboard Specialty Insurance Company, 1209 Orange Street, Wilmington, Delaware 19801**.

3. Defendant **York Risk Services Group, Inc.**, is a New York corporation, with its principal place of business in New Jersey, registered to do business in the State of Texas. This defendant may be served with process through its registered agent: **Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701**.

4. Defendant **William Auten** is an individual licensed as an adjuster by the Texas Department of Insurance and doing business in the State of Texas. This defendant may be served with process at **P.O. Box 115, Palmyra, New York 14522**, or wherever he may be found.

5. Defendant **Robert M. Sargent** is an individual licensed as an adjuster by the Texas Department of Insurance and doing business in the State of Texas. This defendant may be served with process at **6000 Town Center Boulevard, Suite 205, Canonsburg, Pennsylvania 15317** or wherever he may be found.

## II.
## JURISDICTION

6. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## III.
## VENUE

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and because a substantial part of property that is the subject of the cation is situated in this district.

## IV.
## FACTUAL BACKGROUND

**A.      Plaintiff owns property insured by Blackboard.**

8.      At all relevant times, Plaintiff Randall Davis Co. Inc. ("RDC") owned and operated two buildings in Downtown Houston known as Hogg Palace and Dakota Lofts, located at 401 Louisiana Street, Houston, Texas 77002, and 711 William Street, Houston, Texas 77002, respectively. RDC leased out commercial and residential space within Hogg Palace and Dakota Lofts. In early June 2017, RDC purchased an all risk commercial property policy from Defendant Blackboard Specialty Insurance Company when it was known as Hamilton Specialty Insurance Company ("Blackboard"). Blackboard issued Policy No. WKHSPR-00748-02, insuring both properties against all risks not expressly and unambiguously excluded, with an effective date of June 5, 2017 (the "Policy").

**B.      Plaintiff's Property was damaged during Hurricane Harvey.**

9.      Hurricane Harvey struck Houston during the last week of August 2017. Hogg Palace and Dakota Lofts both suffered extensive physical damage, including to the roofs, flashing, walls, windows, and the interior of the buildings as a result of water that entered through the storm damaged roofs, walls, and/or windows ("Covered Event"). Because of the extent of the damage, RDC lost tenants and was forced to grant concessions to those that remained. RDC had purchased insurance from Blackboard in order to protect itself against the risk of the kind of damage, lost rent, and concessions caused by the Covered Event.

**C.      Blackboard denied Plaintiff's claim.**

10.     The Policy covers all non-excluded causes of loss. The storm-related damage was caused by the torrential, unprecedented, and record-breaking rainfall and wind brought by Hurricane Harvey. The interior damage was caused by water entering through storm-created

openings in each building's roof, walls, flashing, and/or windows caused by the Covered Event. No exclusions or limitations apply. Blackboard's liability under the Policy is reasonably clear.

11.     RDC submitted a claim to Blackboard in September 2017, which was assigned claim number HUSA-0282A9. Blackboard retained Defendant York Risk Services Group, Inc. ("York") to adjust the claim. York assigned the claim to Defendant Robert M. Sargent and Defendant William Auten.

12.     RDC retained Jansen Adjusters International ("Jansen") to assist with the presentment of the claim to Blackboard. After inspecting the properties and conducting other due diligence, Jansen, on behalf of RDC, submitted a single proof of loss for both properties on July 25, 2018, claiming $1,520,727.60 due under the Policy, after the application of the deductible.

13.     York denied the claim entirely on July 30, 2018, relying on two provisions in the Policy: the Surface Water Exclusion and the Storm-Created Opening Limitation. Neither provision applies.

14.     On or about December 5, 2018, RDC supplemented its claim to include claims for lost business income: $47,275.00 for Dakota Lofts and $289,976.16 for Hogg Palace.

15.     In total, the buildings have been damaged in at least the following amounts:

| Building | Damage | Lost Income | Deductible | Amount Due |
| --- | --- | --- | --- | --- |
| Dakota Lofts | $1,175,801.90 | $47,275.00 | $(129,264.00) | **$1,093,812.90** |
| Hogg Palace | 1,218,822.38 | 289,976.16 | (334,647.00) | **$1,174,151.46** |

16.     The Surface Water Exclusion is found in section B.1.g. of the Causes of Loss – Special Form section of the Policy. The Surface Water Exclusion excludes coverage "for loss or damage caused directly or indirectly by":

    g.     Water

4

    (1)    Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);

    (2)    Mudslide or mudflow;

    (3)    Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;

    (4)    Water under the ground surface pressing on, or flowing or seeping through:

        (a)    Foundations, walls, floors or paved surfaces;

        (b)    Basements, whether paved or not; or

        (c)    Doors, windows or other openings; or

    (5)    Waterborne material carried or otherwise moved by any of the water referred to in Paragraph (1), (3) or (4), or material carried or otherwise moved by mudslide or mudflow.

This exclusion applies regardless of whether any of the above, in Paragraphs (1) through (5), is caused by an act of nature or is otherwise caused. An example of a situation to which this exclusion applies is the situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water.

But if any of the above, in Paragraphs (1) through (5), results in fire, explosion or sprinkler leakage, we will pay for the loss or damage caused by that fire, explosion or sprinkler leakage (if sprinkler leakage is a Covered Cause of Loss).

The water that entered through the storm-created openings on the roof, walls, flashing and/or windows was not flood, surface water, waves, tides, tidal water, overflow of any body of water, or spray from any of those, so Paragraph (1) does not apply. Nor was it mudslide or mudflow; water backing up or overflowing from a sewer, drain, sump, sump pump or related equipment; or

5

underground water. Paragraphs (2), (3), and (4) do not apply. Because none of paragraphs (1) through (4) apply, paragraph (5) does not apply. The Defendants improperly relied on the Surface Water Exclusion to deny coverage.

17. The Storm-Created Opening Limitation is found in section C.1.c. of the same part of the Policy. It limits coverage to the interior of a building "unless: [the] building . . . first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain . . . enters." The water entered the buildings through damage to the roof (including but not limited to the roof flashing) or walls (including but not limited to the wall's windows) caused by the torrential, unprecedented, and record-breaking rainfall and wind brought by Hurricane Harvey. Because that damage is a Covered Cause of Loss, the interior damage is also covered. Consequently, Defendants improperly relied on the Storm-Created Opening Limitation to deny coverage.

**D.  Defendants' denial of Plaintiff's claim violated Chapters 541 and 542 of the Texas Insurance Code.**

18. Among other things, Defendants misrepresented the effect of the exclusions and limitations in the Policy by representing that certain exclusions or limitations apply when, in fact, they do not. By relying on inapplicable policy language, Defendants failed to attempt in good faith to promptly, fairly, and equitably settle RDC's claim, even though Defendants' liability had become reasonably clear. Because their explanation relied on inapplicable policy language, Defendants failed to promptly provide a reasonable explanation for their denial. Such conduct violated Tex. Ins. Code § 541.060(a)(1), (2), (3), (4), and (7).

19. Furthermore, the delay in payment to RDC violates Tex. Ins. Code § 542.055, et seq., thus triggering liability on Defendants' part to pay the amount of the claim, plus damages consisting of 18% per annum of the amount of the claim, along with prejudgment interest and reasonable attorney's fees.

## V.
## CAUSES OF ACTION

20. The acts and omissions of Defendants described in the foregoing paragraphs give rise to the following causes of action.

**A.     Breach of Contract**

21. The elements of a claim for breach of contract are (1) a valid, enforceable agreement, (2) tender of performance by the plaintiff, (3) breach by the defendant, which (4) caused the plaintiff injury.

22. The Policy constituted a valid, enforceable agreement between RDC and Blackboard. The Policy covers all risks unless expressly excluded. No exclusions apply to the damage in this case.

23. RDC tendered performance by paying its premium and submitting its claim in accordance with the requirements of the Policy.

24. Blackboard breached the Policy by denying the claim.

25. As a result, RDC suffered actual damage or loss, including but not limited to the cost of repairs and the loss of income.

**B.     Unfair Settlement Practices in Violation of Tex. Ins. Code § 541.060.**

26. An insured who sustains actual damages caused by unfair settlement practices may bring an action against any person who engaged in the unfair settlement practices. Tex. Ins. Code § 541.151. Persons who may be liable under Section 541.151 include both insurance companies and adjusters. Tex. Ins. Code § 541.002(2); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

27. As described above, Blackboard, York, Auten, and Sargent, individually and collectively, misrepresented the effect of the exclusions and limitations in the Policy by representing that certain exclusions or limitations apply when, in fact, they do not. By relying on inapplicable policy language, Defendants failed to attempt in good faith to promptly, fairly, and equitably settle RDC's claim, even though Defendants' liability had become reasonably clear. Because their explanation relied on inapplicable policy language, Defendants failed to promptly provide a reasonable explanation for their denial. In so doing, they have engaged in the following unfair settlement practices with respect to RDC's claim:

   a. misrepresenting to RDC a material fact or policy provision relating to coverage at issue;

   b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of RDC's claim, even though Blackboard's liability had become reasonably clear;

   c. failing to promptly provide to RDC a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Blackboard's denial of RDC's claim;

   d. failing within a reasonable time to affirm or deny coverage of RDC's claim or to submit a reservation of rights; and

   e. refusing to pay RDC's claim without conducting a reasonable investigation with respect to the claim.

*See* Tex. Ins. Code § 541.060(a)(1), (2), (3), (4), and (7).

28. As a result, RDC suffered actual damage or loss, including but not limited to the cost of repairs and loss of income, in the aggregate amount of approximately $1,857,978.76, after applying any applicable deductible.

## C. Late Payment of Claim in Violation of Tex. Ins. Code § 542.060.

29. The conduct described above constitutes a violation of Chapter 542 of the Texas Insurance Code, which requires the prompt acknowledgement, investigation, and payment of claims.

30. Blackboard's failure to acknowledge receipt of RDC's claim, commence investigation of the claim, and request from RDC all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

31. Blackboard's failure to notify RDC in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.056.

32. Blackboard's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.058.

33. As a result, RDC suffered actual damage or loss, including but not limited to the cost of repairs and loss of income, in the aggregate amount of approximately $1,857,978.76, after applying any applicable deductible.

## D. Breach of the Duty of Good Faith and Fair Dealing

34. Blackboard's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

35.     Blackboard failed, as described above, to adequately and reasonably investigate and evaluate RDC's claim, even though, at that time, Blackboard knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.

36.     As a result, RDC suffered actual damage or loss, including but not limited to the cost of repairs and loss of income, in the aggregate amount of approximately $1,857,978.76, after applying any applicable deductible.

**E.     Declaratory Judgment of Coverage**

37.     Pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57, RDC seeks the following declarations to determine questions of actual controversy between the parties:

   a. that Blackboard issued Policy No. WKHSPR-00748-02, which insured the buildings commonly known as Hogg Palace and Dakota Lofts;

   b. that the Policy was in effect when Hurricane Harvey made landfall in Texas on or about August 25, 2017;

   c. that the damage to Hogg Palace and Dakota Lofts roofs and/or walls was caused by the Hurricane Harvey storm event and that damage to the interior of the buildings was caused as a result of water that entered through storm-created openings in the damaged roofs and/or walls;

   d. that the damage to Hogg Palace and Dakota Lofts was covered by the Policy; and

   e. that no exclusions or limitations set forth in the Policy apply to the damage to Hogg Palace and Dakota Lofts.

## VI.
## WAIVER AND ANTICIPATORY BREACH

38. Blackboard waived its contractual rights under the Policy, including but not limited to appraisal, due to Blackboard's express waiver of appraisal and implied waiver through delay, unfair actions, breach of the underlying contract, and unconditional denial of all or part of Plaintiff's claim. Additionally, Blackboard's breach of the underlying contract relieves Plaintiff of any corresponding obligations, including but not limited to appraisal. Blackboard's unjust and unreasonable delay and denial of Plaintiff's claim estops it from attempting to subsequently enforce provisions of the Policy.

## VII.
## KNOWLEDGE

39. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

40. As a result of the misconduct described above, RDC has suffered actual damage or loss, including but not limited to the cost of repairs and loss of income; court costs and attorney's fees; treble damages; exemplary damages; and pre-judgment interest at the rate of 18% per annum.

41. Plaintiff is entitled to recover treble damages as a result of Defendants' intentional violation of Chapter 541 of the Texas Insurance Code.

42. Plaintiff is entitled to recover exemplary damages as a result of Defendants' breach of the duty of good faith and fair dealing.

43. Plaintiff is entitled to recover pre-judgment interest at the rate of 18% per annum as a result of Defendants' violation of Chapter 542 of the Texas Insurance Code.

44. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of the damages sustained by Plaintiff. These damages are a direct result of the mishandling of Plaintiff's claim by Blackboard, York, Auten, and Sargent.

## IX.
## ATTORNEY'S FEES AND COSTS

45. Plaintiff is entitled to recover its court costs and attorney's fees as a result of Defendants' breach of contract and violation of Chapters 541 and 542 of the Texas Insurance Code.

## X.
## CONDITIONS PRECEDENT

46. All conditions precedent to recovery for all relief requested have been satisfied or waived.

## XI.
## JURY DEMAND

47. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff is tendering the appropriate jury fee with the filing of this petition.

## XII.
## PRAYER

Plaintiff requests that Defendants be cited to appear and answer, and that judgment be entered in Plaintiff's favor against Defendants for all actual damages, consequential damages, statutory damages, attorney's fees, pre-judgment and post-judgment interest at the highest lawful rate, costs of court, and all other relief, general or special, legal or equitable, to which Plaintiff may show itself justly entitled.

        Respectfully submitted,

        **HAWASH CICACK & GASTON LLP**

By:   */s/ Michael A Hawash*
      Michael A. Hawash
      Texas Bar No. 00792061
      Federal Bar No. 18321
      3401 Allen Parkway, Suite 200
      Houston, Texas 77019
      mhawash@hcgllp.com
      713-658-9015 (main)
      713-658-9004 (direct & facsimile)

      **Attorney in Charge for Plaintiff**

OF COUNSEL:

Walter J. Cicack
Texas Bar No. 04250535
Federal Bar No. <u>8094</u>
Hawash Cicack & Gaston LLP
3401 Allen Parkway, Suite 200
Houston, Texas 77019
wcicack@hcgllp.com
713-658-9003 (direct & facsimile)

Jeremy Gaston
Texas Bar No. 24012685
Federal Bar No. 26469
Hawash Cicack & Gaston LLP
3401 Allen Parkway, Suite 200
Houston, Texas 77019
jgaston@hcgllp.com
713-658-9007 (direct & facsimile)

Jeremy M. Masten
Texas Bar No. 24083454
Federal Bar No. 1411942
Hawash Cicack & Gaston LLP
3401 Allen Parkway, Suite 200
Houston, Texas 77019
jmasten@hcgllp.com
713-685-9005 (direct & facsimile)